THE STATE v. ROSE DOWELL, Appellant.—55 S. W. (2d) 975.

Division Two, December 31, 1932.

*Stratton Shartel*, Attorney-General and *James A. Finch, Jr.*, Assistant Attorney-General, for respondent.

HENWOOD, J.—An information was filed in the Circuit Court of Linn County, at Brookfield, by which the defendant was charged in each of two counts with the unlawful sale of "one-half pint of moonshine," and the State elected to proceed to trial on the first count. The jury found her guilty and assessed her punishment at a fine of $500, and she appealed from the judgment and sentence entered in accordance with the verdict.

From the evidence adduced by the State we gather the following: About nine o'clock in the evening of August 2, 1930, Nick Johnson parked his automobile near the defendant's house in the city of Brookfield, in Linn County, went in the house and remained there for

about a half hour. The defendant and Miss Ellen Baker, who was "working there," and "men" were sitting in the parlor when he arrived. While there he asked the defendant "if she had anything to drink." Miss Baker said, "Ain't you going to buy drinks?" He said, "Yes," and "handed her two dollars." Miss Baker "handed the money" to the defendant, and she and the defendant "went out in the kitchen and came back with the package"—two half-pint bottles of liquor wrapped in a newspaper. He and Miss Baker then left the house together, and Miss Baker carried "the package" to his automobile and "laid it in the seat." As they entered the automobile, they were confronted by two police officers, Simon Dolt and Ed Carroll, who arrested Johnson "for drunkenness" and found the two bottles of liquor in the seat of the automobile. The liquor was first turned over to the chief of police and later to the sheriff. Officer Dolt testified that the liquor in each of the bottles was "bootleg whiskey," and that it was "intoxicating," but he did not know what it was made of or how it was made. The chief of police, James A. Burton, tasted the liquor in each of the bottles while on the witness stand and testified that it was "moonshine." He further testified: He had had "quite a good deal" of experience with "moonshine," and had had occasion to taste liquor "such as moonshine," during his service of two years and a half as a police officer. He knew that "moonshine" had been made of "corn and rye and fruit and everything," but did not know what this liquor was made of. He was positive that it was "whiskey," but it did not "smell like bottled in bond." He could tell by its taste that it had alcohol in it, but could not tell its other ingredients. It smelled like alcohol, but was not "clear alcohol." He was not "good enough to tell" whether or not it was "alcohol diluted down." It could have been "alcohol fixed up some other way." Luther Crookshank, superintendent of schools at Brookfield, testified: He was "trained as a science teacher, including chemistry." He was able to make a test of alcoholic liquor and ascertain the nature of it. He analyzed the liquor in the two bottles at the request of the sheriff, and found that the liquor in one bottle had an alcoholic content of 50.25%, and that the liquor in the other bottle had an alcoholic content of 50.19%. The liquor in each bottle was "common raw whiskey colored with some sugary coloring matter and contained the ordinarily small percentage of the ingredient called fusil oil found in all unaged whiskey or alcoholic solutions." It could have been raw alcohol mixed with some other ingredient. He could not tell "the source of the alcohol." The two bottles of liquor were admitted in evidence and exhibited before the jury.

The evidence offered by the defendant in connection with her attempt to impeach the State's witness Johnson as to collateral matters tends to corroborate Johnson's testimony relating to such matters rather than to impeach him, and the defendant did not offer any evidence of any other character.

The defendant has filed no brief. In her motion for a new trial, she challenges the sufficiency of the evidence, and complains of the action of the trial court in admitting the testimony of the State's witnesses Crookshank and Burton, in giving the State's instructions 2A and 6, and in refusing to give her instructions A and B.

I. The challenge of the sufficiency of the evidence cannot be sustained. It appears from the uncontradicted testimony of the State's witness Nick Johnson that, on or about the day alleged, he bought two half-pint bottles of liquor at the defendant's house in the city of Brookfield, in Linn County; that the defendant received the money paid by Johnson for the liquor; and that the defendant actively participated in the sale of the liquor. And while the liquor was not conclusively shown to be "moonshine"—the kind of liquor alleged to have been sold—the testimony of the State's witnesses Dolt, Crookshank and Burton tends to show that it was intoxicating, that it was manufactured illegally, and that it was "moonshine." The evidence as a whole made a case for the jury and is sufficient to support the verdict. [See State v. Howard, 324 Mo. 86, 23 S. W. (2d) 16, and cases cited, and State v. Howard, 324 Mo. 145, 23 S. W. (2d) 11, and cases cited.]

II. The motions to strike out the testimony of the State's witnesses Crookshank and Burton on the ground that they were not qualified to testify as to the character of the liquor in question were properly overruled.

Crookshank's testimony clearly shows, we think, that he was qualified to make a chemical analysis of the liquor in question and to testify as an expert as to its alcoholic content and as to its general character.

Burton's test of the liquor in question by tasting it, and his testimony that it was "moonshine," must be considered in connection with his further testimony that he had considerable experience with "moonshine," and that he had had occasion to taste "moonshine," during his service as a police officer. We have held repeatedly that police officers and other lay witnesses who have had experience in tasting or smelling "moonshine" will be permitted to identify liquor of that character by its taste or by its smell. [See cases of State v. Howard, supra, and cases cited.]

■ III. No error was committed by the trial court in giving the State's instructions 2A and 6.

By Instruction 2A the jury were authorized to convict the defendant if they found that she sold "any quantity of moonshine" to Nick Johnson, "at any time within three years next before the twentieth day of September, 1930, the date of the filing of the information herein." The complaint against this instruction is that it broadened the issues presented by the pleadings and the proof. Similar instructions have been approved by this court in numerous cases. In State v. Hedrick, 296 S. W. l. c. 153, we said: "An instruction relative to the sale of corn whisky need not state the quantity sold. The statute prohibits the sale of corn whisky in whatever quantity it may be sold, whether a drink or a larger quantity." And in State v. Balfour, 19 S. W. (2d) l. c. 956, we said: "Time is not of the essence of the offense in a case of this character (alleged unlawful sale of hootch, moonshine and corn whiskey). The proof of its commission is therefore not limited to the precise date stated in the information, but may be shown to have been committed at any time within three years next before the date charged."

■ By Instruction 6 the jury were told that, "if two or more persons knowingly act together and in concert in the commission of an unlawful act or purpose, then, whatever one of such persons does in carrying out or executing such unlawful act or purpose is, in law, the act of all such persons." The complaint that the evidence furnished no basis for this instruction is without merit. According to the State's evidence the defendant and Miss Ellen Baker jointly participated in the commission of the offense charged. If this be true, the defendant is responsible, under the law, for the acts of Miss Baker, and it was proper to instruct the jury to that effect. [See State v. Friedman, 313 Mo. 88, 280 S. W. 1023, and cases cited.]

■ IV. Nor did the trial court commit error in refusing the defendant's instructions A and B.

Instruction A, if given, would have advised the jury as to the applicable rule in cases where the State relies on circumstantial evidence alone. In this case the State relied largely, if not entirely, on direct evidence, leaving no room for an instruction on circumstantial evidence.

■ Instruction B, if given, would have directed the jury to acquit the defendant if they found that "the contents of plaintiff's exhibits (the two bottles of liquor) were merely intoxicating liquor and a mixture of alcohol and water not illegally manufactured." This instruction was covered, in substance and effect, by instructions 2A. 3 and 4, given at the request of the State. Instructions 2A and 4

directed an acquittal unless the jury found beyond a reasonable doubt that the defendant sold "moonshine" to Nick Johnson, and instruction 3 defined "moonshine" as "illegally manufactured intoxicating liquor."

We find no error in the record proper. The information, the verdict and the judgment are in approved form. The judgment is affirmed. All concur.