STATE v. PAUL HAMLIN, Appellant.—No. 38060.—171 S. W. (2d) 716.

Division Two, June 7, 1943.

*R. P. Smith* for appellant.

*Roy McKittrick,* Attorney General, and *John S. Phillips,* Assistant Attorney General, for respondent.

TIPTON, J.—The appellant was convicted in the circuit court of Madison County, Missouri, of stealing a steer, and the jury assessed his punishment at two years in the penitentiary.

The information charged that the appellant stole one black, white-faced yearling steer on or about the 30th day of June, 1939, and all

158

the evidence showed that this steer was stolen on June 30, 1939. The defense was an alibi.

The appellant does not contend the evidence was insufficient to sustain the verdict, but does contend that instruction Number One was erroneous in that it conflicted with the instruction Number Two.

Instruction Number One permitted the jury to find appellant guilty if the jury found that he committed the theft complained of "on or about the 30th day of June, 1939, or at any time within three years next before the 29th day of August, 1939, the date of the filing of the Information herein, . . . ," while instruction Number Two told the jury that if "you have a reasonable doubt of the presence of the defendant at the time and place where the offense was committed, you will find the defendant not guilty." All the evidence showed the crime was committed on June 30, 1939. The appellant's evidence tended to show that he was not present at the time and place where the crime was committed. These instructions are contradictory. Instruction Number One directed a verdict of guilty if the theft of the steer was committed at any date within a three-year period prior to the filing of the information. The other directed an acquittal unless the theft was committed on one certain date as testified to by the State's witnesses. As previously stated, the evidence [717] definitely fixed the time of the commission of the crime. That was the issue presented by the State and accepted by the defense. There was, therefore, no foundation upon which to place an instruction as to any other time as was done by the State.

In the case of State v. Socwell, 318 Mo. 742, 300 S. W. 680, l. c. 684, this exact question was before this Court and in disposing of the case, we said:

"While the state may show that a crime was committed within the period of the statute of limitations prior to the filing of the information, yet where the evidence unequivocally shows that an offense was committed on a certain date, and the defendant presents an alibi as to that certain date, instructions, one of which authorizes a conviction within the limitation period and the other directs an acquittal if the defendant was not present on the date the state's evidence shows the crime was committed, confound and confuse the jury. Such an instruction as the one given for the state fails to hold the jury to the point in issue. While this court has probably never ruled upon the question presented, the point has been ably reasoned by ELLISON, J., in State v. Fellers, 140 Mo. App. 723, 127 S. W. 95. The St. Louis Court of Appeals followed this reasoning in State v. Campbell, 260 S. W. 542. Inasmuch as the instructions conflicted, prejudicial error obtained."

The Socwell case was followed by us in the cases of State v. Campbell, 324 Mo. 249, 22 S. W. (2d) 645, and State v. Taylor, 345 Mo. 325, 133 S. W. (2d) 336.

To sustain instruction Number One, the State relies upon the following cases: State v. English, 228 S. W. 746; State v. Cutter, 318 Mo. 687, 1 S. W. (2d) 96; State v. Dowell, 331 Mo. 1060, 55 S. W. (2d) 975; State v. Proffer, 159 S. W. (2d) 681. The cases are readily distinguished from the case at bar; there was no alibi instruction in these cases, and, of course, there could be no question of a conflict between the State's recovery instruction and the defense's alibi instruction. In those cases, time was not the essence of the offense, in view of Section 3952, R. S. Mo. 1939.

For the error in instruction Number One, the judgment and sentence of the trial court should be reversed and the cause remanded. It is so ordered. All concur.