**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Larry Dean MOSS,
Defendant–Appellant.**

**No. 15850.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 9, 1990.

Kimberly Bonney Landman, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

On November 29, 1989, this court adopted and filed an opinion reversing and remanding the judgment of conviction for instructional error. Thereafter and on December 15, 1989, the court denied the State's motion for a rehearing or transfer to the Supreme Court. The State then filed an application for transfer to the Supreme Court and on February 13, 1990, the application was sustained. On May 4, 1990, the Supreme Court entered the following order: "Cause ordered retransferred to the Missouri Court of Appeals, Southern District." With the addition of this paragraph our original opinion is readopted this 7th day of May, 1990. It is set out hereafter.

A jury has found defendant Larry Dean Moss guilty of kidnapping in violation of § 565.110.1(5), RSMo 1986, and has further found him guilty of armed criminal action as defined and denounced by § 571.015.1, RSMo 1986.[1] Defendant's punishment was assessed at imprisonment for a term of 5 years for kidnapping and imprisonment for a term of 3 years for armed criminal action. It was ordered that the sentences be served consecutively. The defendant appeals, asserting that his motion for judgment of acquittal made at the close of all the evidence should have been granted and that the trial court erred in giving and reading Instruction No. 12, which is MAI–CR.3d 312.10. We reverse for instructional error.

There is no proper challenge to the sufficiency of the evidence, and an extensive recitation of the facts is unnecessary. On review of a criminal prosecution, the State is entitled to the most favorable view of the facts in evidence and the reasonable inferences to be drawn therefrom. *State v. Cannady*, 660 S.W.2d 33, 35 (Mo.App. 1983). Viewed in that light, the State adduced proof which demonstrated that the defendant abducted a former paramour and transported her from Springfield to Van Buren and back in November 1987. There was evidence warranting the conclusion that the defendant's purpose was to terrorize his victim and there was evidence that a firearm was used to accomplish that purpose. The evidence is amply sufficient to support the judgments of conviction.

The defendant pled not guilty by reason of mental disease or defect excluding responsibility as provided by § 562.086.1 and § 552.030. The jury rejected that excuse. The two points briefed have to do with the submission of the excuse of mental disease or defect, to which we shall also refer as the insanity defense.

■ The defendant's second point is, in substance, that he proved by a preponderance or greater weight of the evidence that he was suffering from a mental disease or defect excluding responsibility at the time he committed the acts charged and therefore the trial court should have directed a verdict of acquittal at the close of all the evidence. There is substantial evidence in the record which would justify a finding that defendant was suffering from a mental disease or defect excluding responsibility and there is substantial evidence to the contrary, but a recitation of the evidence is not necessary. Essentially, the defendant argues that as a matter of law, he was not guilty by reason of mental disease or defect. We reject this argument. Even if the experts had testified unanimously that the defendant suffered from a mental disease at the time the crimes charged were committed—and they did not—such evidence would not have authorized removal of the issue of criminal responsibility from the jury. The prosecution has no burden to prove the sanity of the accused. By statute, the defendant is presumed to be free

---

1. References to statutes and rules are to RSMo 1986 and V.A.M.R.

from mental disease or defect and that presumption alone is sufficient to take the issue to the jury even when it is controverted by substantial and uncontradicted evidence to the contrary. Section 552.030.7; *State v. Lee*, 654 S.W.2d 876, 880–81 (Mo. banc 1983); *State v. Ginnery*, 617 S.W.2d 117, 120 (Mo.App.1981); *State v. Bradshaw*, 593 S.W.2d 562, 568[11, 12] (Mo.App. 1979); *State v. West*, 575 S.W.2d 257 (Mo. App.1978).

The meritorious question on this appeal is whether the instructions given were such as to mislead and confuse the jury concerning the defendant's burden to prove the insanity defense. In our view they were, and the cause must be reversed and remanded for instructional error.

## I

We have first to consider whether the defendant was entitled to an instruction submitting the insanity defense, i.e., mental disease or defect excluding responsibility. The approved criminal instruction is MAI–CR.3d 306.02, and in Note on Use No. 2, it is stated that the defense of mental disease or defect excluding responsibility is an affirmative defense and the defendant has both the burden of injecting the issue and the burden of persuasion. It is also stated that when there is evidence supporting this defense, Instruction 306.02 must be given. While our courts have frequently held that in the absence of any evidence showing mental disease or defect, an instruction on that subject need not be given, *State v. Shaw*, 646 S.W.2d 52, 54–55[6] (Mo.1983), there is no doubt the court is required to instruct the jury upon the insanity defense if there is substantial evidence of mental disease or defect excluding responsibility. Section 552.030.6; *State v. Brizendine*, 391 S.W.2d 898, 901[2] (Mo.1965). Our inquiry is whether there was substantial evidence of mental disease or defect excluding responsibility.

Dr. Emma Sue Snow, a practicing psychiatrist, was called as a witness by the defendant. Dr. Snow had evaluated the defendant's mental condition at the request of the court. We will not repeat Dr. Snow's testimony at length, but upon being asked if in her opinion the defendant had a mental disease, she answered, "Yes," and upon being asked "Speaking of the criminal activity that [the defendant] is charged with on November 2nd of 1987, did [he] know or appreciate the nature, quality or wrongfulness of his conduct at that time?" Dr. Snow replied, "No, not at that time."

The trial court further received evidence from Dr. Donald R. Butts, also a practicing psychiatrist. Dr. Butts had also evaluated the defendant's mental condition. Dr. Butts was asked, among other things:

\* \* \* \* \* \*

"Q. At the time of the [criminal] conduct [with which defendant was charged] did the defendant have a mental disease or defect?

A. That's another question. I feel that he did.

Q. At the time of the conduct on November 2nd of 1987 was he capable of conforming his conduct to the requirements of law?

A. At that point I don't feel that he was."

\* \* \* \* \* \*

Perhaps Dr. Butts' testimony was not as positive and unequivocal as it might have been, but the fact that an expert expresses his opinion in terms which fall short of absolute certainty does not render his answer inadmissible or deprive it of all probative value. *Galovich v. Hertz Corporation*, 513 S.W.2d 325, 335 (Mo.1974) (medical expert expressed his conclusion in terms of suspicion); *Wray v. Schwitzer Co.*, 615 S.W.2d 646, 648 (Mo.App.1981) (use of "think," "guess," "rough opinion," "impression" and similar words not destructive of an expert witness' opinion when it appears witness employs such words with intent to express an opinion); *Collier v. St. Louis Public Service Company*, 298 S.W.2d 455, 461[6, 7] (Mo.App. 1957) (use of the word "think" to express a medical opinion did not deprive the opinion of probative value).

The test of mental disease or defect sufficient to exclude responsibility for criminal

conduct is an alternative test. Section 552.-030.1 provides that:

"A person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect he did not know or appreciate the nature, quality, or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of the law."

The source of Subsection 1 of § 552.030 is § 402(1) of the Model Penal Code, which appears as § 4.01(1) in Part I, Model Penal Code and Commentaries, p. 163 (1985). Comment No. 3 to that Section, as it appears in the Official Draft with Revised Commentaries, p. 168, states that the enunciated standard:

"... relieves the defendant of responsibility under two circumstances: (1) when, as a result of mental disease or defect, the defendant lacked substantial capacity to appreciate the criminality [wrongfulness] of his conduct; (2) when, as a result of mental disease or defect, the defendant lacked substantial capacity to conform his conduct to the requirements of the law."

In this case, both Dr. Snow and Dr. Butts testified that the defendant was suffering from a mental disease or defect at the time he committed the acts charged against him. Dr. Snow testified, in substance, that the defendant did not know or appreciate the nature, quality or wrongfulness of his conduct. Dr. Butts testified that the defendant was suffering from mental disease or defect at the time the criminal acts charged were committed. Dr. Butts' opinion was that defendant was incapable of conforming his conduct to the requirements of the law. There was substantial evidence that the defendant was suffering from a mental disease or defect when the criminal acts charged were committed in November 1987, and defendant was entitled to an instruction on the insanity defense.

## II

Having determined that the defendant was entitled to an instruction on mental disease or defect excluding responsibili-ty, we must consider whether the jury was properly instructed on the defendant's burden to prove the excuse of mental disease or defect excluding responsibility.

The trial court gave MAI-CR.3d 306.02 as Instruction No. 8. As given the instruction read as follows:

"PART A—GENERAL INSTRUCTIONS

One of the issues in this case is whether the defendant lacks responsibility by reason of mental disease or defect. In this state, a person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect, he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law.

The terms 'mental disease or defect' mean any mental abnormality regardless of its medical label, origin or source.

All persons are presumed to be free of mental disease or defect excluding responsibility. *The burden rests upon the defendant to prove by the greater weight of the credible evidence that he is not guilty by reason of such mental disease or defect excluding responsibility.*

When a person is found not guilty by reason of mental disease or defect excluding responsibility, the Court must order that person committed to the director of the department of mental health for custody and care in a state mental health facility. This person can be unconditionally released from committment [sic] only if and when it is determined by the Court after a hearing that the person does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others. This person can be conditionally released from such custody only if and when it is determined by a Court after a hearing that he is not likely to be dangerous to others while on conditional release.

PART B—SPECIFIC INSTRUCTIONS

As to Count I, even if you find and believe from the evidence beyond a reasonable doubt that the defendant en-

gaged in the conduct submitted in Instruction Number 5, if you further find and believe by the greater weight of the credible evidence:

First, that at the time of that conduct, the defendant had a mental disease or defect, and

Second, that as a result of it, he did not know or appreciate the nature, quality or wrongfulness of his conduct, or that, if he did, he was incapable of conforming his conduct to the requirements of law, then you must find the defendant not guilty by reason of a mental disease or defect excluding responsibility.

PART B—SPECIFIC INSTRUCTIONS

As to Count II, if you find and believe from the evidence beyond the [sic] reasonable doubt that the defendant engaged in the conduct submitted in Instruction Number 6, if you further find and believe by the greater weight of the credible evidence:

First, that at the time of that conduct, the defendant had a mental disease or defect, and

Second, that as a result of it, he did not know or appreciate the nature, quality or wrongfulness of his conduct, or that, if he did, he was incapable of conforming his conduct to the requirements of law, then you must find the defendant not guilty under Count II by reason of a mental disease or defect excluding responsibility." (Emphasis added).

The jury retired to consider its verdict at 1:44 p.m. At 2:39 p.m. the jury requested a number of exhibits, including the reports of the physicians who had examined the defendant in connection with his defense of mental disease or defect. Inasmuch as those reports had not been received in evidence, the court could not grant that request, although other exhibits which had been requested were given to the jury to consider. At 4:11, the jury transmitted another request to the court, in writing, as follows:

"Please explain or amplify on the burden on the defense to prove a mental defect or the inability to conform to the requirements of law."

After some discussion with the attorneys off the record, the court proposed an answer in writing, as follows:

"Instructions 5, 6 and 8 are as complete as the Court is permitted to explain the law to you."

Instruction No. 5 directed a verdict upon the charge of kidnapping, and the "finding of guilt" clause was limited as directed by MAI–CR.3d 304.02(13) to advise the jury that it would find the defendant guilty:

"... unless you find and believe *from the greater weight of the evidence* that the defendant is not guilty by reason of mental disease or defect excluding responsibility as submitted in Instruction No. 8." (Emphasis added).

Instruction No. 6 directed a verdict on the charge of armed criminal action. The "finding of guilt" clause was limited in the same manner as Instruction No. 5. Instruction No. 8 has already been set out. So, at this point, the jury had three times been told that the defendant had the burden to prove the defense (or excuse) of mental disease or defect excluding responsibility by a preponderance or greater weight of the evidence, as required by § 552.030.6, which states that "... the jury shall be told that *the burden rests upon the accused to show by a preponderance or greater weight of the evidence* that the defendant was suffering from a mental disease or defect excluding responsibility." (Emphasis added).

At 5:45 p.m. the trial court observed that the jury had not returned a verdict. The jury was brought in at 5:51 p.m. and MAI–CR.3d 312.10 was given to the jury as Instruction No. 12. That instruction, sometimes referred to as the "hammer" instruction, read as follows:

"You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the

discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, *nor find as a fact that which under the evidence and his conscience he does not believe beyond a reasonable doubt to be true."* (Emphasis added).

The language emphasized is of primary importance on this appeal. The italicized language—"nor find as a fact that which under the evidence and his conscience he does not believe beyond a reasonable doubt to be true"—tells the jury that they must find all facts necessary to their verdicts, whether verdicts of guilty or of acquittal, beyond a reasonable doubt. Instruction No. 12 was the last instruction given to the jury, and it is apparent from their written request that they were not clear concerning the defendant's burden to prove mental disease or defect excluding responsibility.

The defendant's assignment of instructional error is that the giving of Instruction No. 12 increases the legal burden of proving the defense of mental disease or defect excluding responsibility. We are cited to *State v. Swinburne,* 324 S.W.2d 746 (Mo. banc 1959). That case involved only a single instruction which told the jury in the first paragraph that the defendant had the burden to prove that he was insane beyond a reasonable doubt. In the second paragraph, the jury was told that the defendant was only required to prove the defense of insanity by the preponderance or greater weight of the evidence, but in the third paragraph it was required that the jury be "reasonably satisfied by the greater weight or preponderance of the evidence" that defendant was insane in order to acquit him. It was held that the first and second paragraphs of the instruction conflicted and the addition of the requirement that the jury be "reasonably satisfied" increased the defendant's legal burden. *State v. Swinburne,* 324 S.W.2d at 748–49. Our Supreme Court reversed and remanded, stating that it could not say the instruction did not confuse and mislead the jury.

Of course, the *Swinburne* case involved only a single instruction, but there are a good many older precedents which hold that ambiguous or conflicting instructions constitute reversible error. In *State v. Minnis,* 486 S.W.2d 280 (Mo.1972), it was held that the defendant was prejudiced by an instruction which would be understood by a reasonable juror as casting the burden of proving self-defense on the defendant. In *State v. Hamlin,* 351 Mo. 157, 171 S.W.2d 716 (1943), all the evidence indicated the crime charged was committed on June 30, 1939. One instruction authorized conviction if the jury found the defendant committed the crime charged within 3 years of the filing of the information. Another instruction directed the jury to acquit the defendant if it found he was not present at the time and place the crime was committed. Our Supreme Court reversed and remanded on the ground the instructions were contradictory. Other cases and the general law state broadly that conflicting or inconsistent instructions are prejudicial if the jury is likely to be confused. See, e.g., *State v. Herrell,* 97 Mo. 105, 110, 10 S.W. 387, 389 (1889); *State v. Clevenger,* 25 Mo.App. 653, 655 (1897); 24B C.J.S. Criminal Law § 1922(4), p. 169–70 (1962).

In the case before us, the mandatory command of the statute is that the jury be instructed as to the defendant's burden of proof. The duty to instruct the jury carries with it the duty to instruct correctly. Cf. *State v. Carter,* 585 S.W.2d 215, 218[4] (Mo.App.1979). The trial court gave Instruction Nos. 5, 6 and 8 which told the jury the defendant had the burden to establish mental disease or defect excluding responsibility by a preponderance or greater weight of the evidence. The jury appeared to be uncertain as to the defendant's burden of proof and requested clarification. Instruction No. 12 was then given, and as we have seen, that instruction advises the jury it may not base its verdict on any proposition of fact it does not believe beyond a reasonable doubt. As observed in *Bollenbach v. United States,* 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946), involving an erroneous supplemental instruction on the effect of a presumption, the judge's last word is apt to be the decisive word, particularly in a criminal trial. We cannot confidently say that the giving

of Instruction No. 12 did not confuse and mislead the jury, and we believe the inconsistency created by the giving of that instruction was prejudicial to the defendant.

The State argues that the instructions given were in a form promulgated by the Supreme Court and it was therefore beyond the province of this court to declare that the giving of any authorized instruction was error. In *State v. Pendergrass*, 726 S.W.2d 831 (Mo.App.1987), this court rejected the argument that the giving of approved instructions cannot give rise to instructional error. We reiterate the views stated in that opinion. For the reasons noted, the judgment is reversed and the cause is remanded.

FLANIGAN, P.J., and PREWITT, J., concur.