**STATE of Missouri, Respondent,**

v.

**Jason WASHINGTON, Appellant.**

**Jason WASHINGTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65033, 66201.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 23, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1995.

Application to Transfer Denied
July 25, 1995.

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant was convicted of two counts of first degree robbery and one count of felonious restraint. He was sentenced by the court as a prior offender to two consecutive life sentences for the robberies and a concurrent seven year term for the felonious restraint. He appeals. He also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm in part and reverse and remand in part.

At approximately 12:45 a.m. on May 30, 1992, George Brown was at an Amoco station on the corner of Union and Dr. Martin Luther King Drive in St. Louis. He was approached from an alley by a man holding a small dark-colored automatic pistol who demanded his money. The gunman went through George Brown's pockets and took his wallet and then ran back to the alley. Two other men stood nearby in the alley and during the time of the robbery they ducked in and out from behind a dumpster in the alley looking back and forth from the victim to the street. The gunman and the other two men ran back through the alley away from the crime scene. George Brown subsequently identified Joseph Washington, defendant's brother, as the gunman, and defendant, Jason Washington, as one of the men in the alley.

On the following night at approximately the same time, Darryl Brown (unrelated to George Brown) came to the same Amoco station. He parked his blue Cadillac near the alley. As he exited his car he was surrounded by three men who came from the alley. One man put a small black automatic pistol to Brown's chest and another man put a knife to his midsection. The men went through his pockets and then ordered him into his car, and the man with the gun told Brown to "take us to the money." When advised that he did not have any money the gunman told Brown they were going to kill him. Brown drove to an alley where he was required to turn and stop the car. Out of the car Brown was searched again and made to take off his shoes. One robber pulled his pants and underwear down to search him. He was allowed to pull up his pants and told to run. He ran back to the Amoco station and flagged a police officer. The entire episode took about 15 minutes.

The officer and Brown returned to the alley and located the automobile. The left rear tire was off the vehicle and the right rear tire was loose, the speakers were gone and some cassette tapes and tools were missing. Brown testified the robbers took two diamond rings, a watch, a gold chain, and $18 from him. He subsequently identified Joseph Washington as the gunman and Jason Washington as the man holding the knife.

A few days later Toron Nichols was in custody on another charge and gave the police a statement that he was present at both robberies. He stated he served as a lookout and implicated Joseph and Jason Washington as participants. Nichols agreed to testify against the Washingtons and the State in return agreed to drop one first degree robbery count and a felonious restraint count and to reduce the other first degree robbery count to second degree. At trial Nichols testified concerning the May 31 robbery but denied being present at the robbery the day before.

Joseph and Jason were tried together. Jason attempted to have the George Brown robbery severed from the Darryl Brown robbery but that motion was denied. Both defendants were convicted of all three charges. Jason filed a Rule 29.15 motion which was denied without evidentiary hearing. On appeal Jason raises seven points.

Counts I and III involved the robbery and felonious restraint of Darryl Brown. Count II involved the robbery of George Brown. As to each defendant the court gave three instructions based upon MAI–CR3d 323.02, 319.26 and 304.04. As to Joseph each instruction contained the following language originating from 304.04:

. . . if you further find and believe from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of that [robbery or felonious restraint] the de-

fendant Joseph Washington aided or encouraged or acted together with or aided Jason Washington in committing that offense, then you will find the defendant Joseph Washington guilty under Count [ ] of [charged offense]. However, *unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant Joseph Washington not guilty of that offense.* (Emphasis supplied.)

■ Defendant contends that the language quoted above requires the jury to find Jason guilty in order to find Joseph guilty. The instruction so states. Comment 4 to 304.04 advises that 304.04 should be used when the evidence shows that defendant acted with or aided another person in the commission of an offense but does not have to be used where the evidence shows that the defendant, by his own conduct, committed all of the elements of the offense and there is evidence that another person was involved. In that situation 304.04 does not have to be given but may be if the prosecution chooses to submit it. Comment 5(d). Here the evidence established that Joseph Washington, by his own conduct, committed all of the elements of all three offenses, so it was not necessary that the instruction be given as to him.

Where, as here, the defendants are tried jointly, Instruction 304.04 poses a substantial danger of prejudice if one of the defendants has committed all of the elements of the charged crime and the other defendant has not and is being prosecuted solely as an accessory. We confronted the same issue in *State v. Tate,* 658 S.W.2d 940 (Mo.App.1983). There a woman was raped in a car in which Tate was present. Tate and Ford were tried jointly and an almost identical verdict director to that now before us was given as to Ford. Only Ford had committed an essential element of the rape charged against him. Tate was at most an accessory. The court found, and the parties agreed, that the effect of the verdict-director was to force the jury to convict both defendants or neither.

As to the George Brown robbery the identical situation exists here. The evidence established that Joseph Washington committed every element of the charged crime. Jason Washington did not commit any essential element of the charged crime. His guilt of the charged crime was premised upon his status as an accessory. It is possible that the jury confronted with the instruction requiring a finding that Joseph acted with Jason to support a finding of guilt by Joseph could have made the finding of Jason's guilt on Count II in order to be able to find Joseph guilty. Where the defendants are tried separately the problems arising from the use of 304.04 found in this case are not present. Nor do they arise where, as in Counts I and III, the evidence establishes that both co-defendants committed every element of the offense or each committed an essential element.

■ The state argues that there can be no error here because the trial court followed the MAI–CR. There is a conflict as to whether error can be predicated upon an approved instruction. The Supreme Court has held that an instruction in the format of MAI–CR will not be deemed erroneous. *State v. Newlon,* 627 S.W.2d 606 (Mo. banc 1982) [8, 9]. However, in *State v. Moss,* 789 S.W.2d 512 (Mo.App.1990) [4] the Southern District held that the giving of approved instructions can give rise to instructional error. The section entitled "How to Use" in the model instructions states that "[t]he Court has adopted these proposals without judicially deciding or foreclosing any legal, constitutional, procedural, instructional, or other issues which may arise in cases even though the procedures, instructions, and Notes on Use adopted by the Court are followed and used." MAI–CR3d at ii–iii.

In the present case, defendant is not contending that MAI–CR3d 304.04 erroneously declares the law. He is claiming that it was wrongly applied to this case. This distinction separates defendant's claim of error from *Newlon, supra.* It is not the content of the instruction which is erroneous but the giving of it in the circumstances of this case.[1] And,

---

1. The instruction as given is not the one contained in Notes on Use 5(d) modified from basic

instruction 304.04. The Supreme Court Committee on Charges and Instructions–Criminal

as has been previously discussed, the instruction was not mandatory under the facts of this case.

The state further argues that instruction 17 patterned after MAI–CR3d 304.18 eliminates any risk that the jury might have convicted defendant in order to convict Joseph. In that instruction the court required the jurors to consider each defendant separately, and informed them that they could convict or acquit one or both of the defendants. We find this argument unpersuasive. If one instruction allows the jury to convict both defendants on evidence incriminating only one of them, it is not saved by another instruction which says the jury might acquit either and find the other guilty or convict or acquit both. *State v. Hesselmeyer,* 343 Mo. 797, 123 S.W.2d 90 (1938) [21]. At best the two instructions read together are ambiguous if not contradictory. Such ambiguity can, and here does, create reversible error. *State v. Moss,* 789 S.W.2d 512 (Mo.App.1990) [4]. The defendant's conviction on Count II is reversed and remanded.[2]

■■■ Defendant also challenges the sufficiency of the evidence to support a conviction on Count II. The evidence indicates that Joseph was the principal actor in the robbery of George Brown. However, Jason could be guilty under § 562.041 RSMo1994 as an accomplice. To make a submissible case of aiding and abetting, there must be some evidence that defendant associated himself with the venture or participated in the crime in some manner. *State v. Clark,* 596 S.W.2d 747 (Mo.App.1980) [5, 6]. Intent may, and generally must, be proved by circumstantial evidence. *State v. Whitaker,* 275 S.W.2d 316 (Mo.1955) [5–9]. It can be found in the attendant circumstances and must ordinarily be inferred from the facts. Presence of the defendant at the commission of a felony is

considered in determining whether he is guilty of aiding and abetting. However, there must be more than mere presence. *State v. Castaldi,* 386 S.W.2d 392 (Mo.1965) [1–3]. Flight from the crime scene and association with the others involved in the crime before, during or after its commission are also indicia of aiding and abetting. *State v. Turner–Bey,* 812 S.W.2d 799 (Mo.App.1991) [3].

There is ample evidence from which it might be inferred that defendant intended to aid and abet his brother in the robbery of George Brown. He was present at the scene, he fled from the scene with the prime actor, Joseph, his conduct during the robbery was consistent with a status of a look-out, he was associated with Joseph before, during and after the robbery, and he participated in a similar robbery at the same place the next night at the same time. The state made a submissible case.

We have reviewed defendant's remaining contentions of trial error and find no merit to those contentions. Further discussion would have no precedential value and as to those points the judgment is affirmed pursuant to Rule 30.25(b).

■■■ Defendant also contends the denial of his post-trial motion was erroneous. As to the contention that trial counsel was ineffective for failure to call several of defendant's relatives and friends as additional alibi witnesses we find the court's determination was supported by the record and denial of that portion of the motion without evidentiary hearing was proper. As to defendant's allegation that he was not advised of his right to testify the state concedes that defendant is entitled to an evidentiary hearing. Such an unrefuted allegation entitles the movant to an evidentiary hearing. *Brown v. State,* 882 S.W.2d 154 (Mo.App.1994).

might consider modifying Notes on Use under 5(d) to provide in the last line "This variation should NOT be used unless the prosecution requests it, or if the defendants are being jointly tried." A possible alternative would be elimination of the parentheses around "alone or" in the variation set forth in Notes on Use 5(d).

2. The defendant contends that the instruction is equally erroneous and prejudicial as to Counts I and III. We do not find it to be. As alluded to

before, the evidence on Counts I and III demonstrated that Jason, by his own conduct, committed an essential element or elements of the two crimes. Because the crimes occurred on different days the situation in *Tate* is not present whereby a finding of presence at the time the Count II crime was committed would constitute a finding of presence at the time the Count I and III crimes were committed.

Judgment on Count II is reversed and that Count is remanded for new trial. Denial of an evidentiary hearing on the allegation in defendant's Rule 29.15 motion that defendant was not advised of his right to testify is reversed and cause remanded for evidentiary hearing. In all other respects the judgments and orders are affirmed.

PUDLOWSKI and WHITE, JJ., concur.