**Kenneth HOWARD, Respondent,**

v.

**STATE of Missouri, Movant.**

**No. ED 79004.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 6, 2001.

1. All future statutory references are to RSMo 2000 unless otherwise indicated.

Gary E. Brotherton, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

MARY K. HOFF, Judge.

Kenneth Howard (Movant) appeals the motion court's denial, without an evidentiary hearing, of his Rule 29.15 motion for postconviction relief. Movant first claims the motion court erred because Movant's trial counsel was ineffective for failing to call him to testify on his own behalf. In his second point, Movant claims the motion court erred because Movant's appellate counsel was ineffective for failing to raise a discovery violation issue that was properly preserved. We reverse and remand in part and affirm in part.

A jury convicted Movant of second degree (felony) murder, Section 565.021.1(2),[1] first degree burglary, Section 569.160, and armed criminal action, Section 571.015 for the shooting death of Violet Feldman (Victim) and burglary of her home on August 29, 1991. The trial court found Movant to be a prior offender and sentenced him to consecutive terms of life without the possibility of parole, fifteen years, and 100 years, respectively. We affirmed the judgment. *State v. Howard*, 7 S.W.3d 420 (Mo.App. E.D.1999).

Movant filed a timely pro se motion under 29.15, and then, with appointed counsel, a first amended motion to vacate, set aside or correct judgment and sentence under Rule 29.15. The latter motion set forth numerous grounds for relief and included a request for an evidentiary hearing. The motion court denied that motion without an evidentiary hearing, and entered Findings of Fact and Conclusions of

Law and Order (judgment). This appeal followed.

■ On appeal from the disposition of a postconviction motion under Rule 29.15 we are limited to deciding whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake was made. *Moss*, 10 S.W.3d at 511. Further, an evidentiary hearing is not required unless the motion meets three requirements: "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997).

■ In his first point on appeal, Movant alleges the motion court erred in denying his 29.15 motion without an evidentiary hearing, in that Movant's trial counsel was ineffective for failing to call him to testify during his trial.

Specifically, Movant alleged he told his trial counsel both before and during trial that he wanted to testify in his own defense. Further, Movant alleged that had he been called to testify, he would have stated that he was not on Victim's property at all on the night of August 29, 1991, but rather was robbed and shot on Jefferson near Highway 44 between 8:30 and 9:30 p.m. The record does not reflect that Movant ever waived his right to testify.

■ "The criminal defendant's decision to exercise the right to testify is per-

1. All statutory citations are to RSMo 1986.

sonal to the defendant." *State v. Fanning*, 939 S.W.2d 941, 949 (Mo.App. W.D.1997). In *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), the Supreme Court confirmed that criminal defendants have a constitutional right to testify on their own behalf. "Because the right to testify is a fundamental constitutional guarantee, only the defendant is empowered to waive the right." *Fanning*, 939 S.W.2d at 949. "Moreover, the defendant's waiver of his right to testify, like his waiver of other constitutional rights, should be made voluntarily and knowingly." *Fanning*, 939 S.W.2d at 949–50, citing *Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Fanning*, the movant claimed in his 29.15 postconviction motion that his trial counsel "failed to allow movant to testify in his own behalf." *Id.* at 949. The Western District reversed and remanded to the motion court to determine whether the movant had voluntarily waived his right to testify at trial. *Id. See also State v. Washington*, 901 S.W.2d 276, 280–81 (Mo.App. E.D.1995) wherein we found movant was entitled to an evidentiary hearing on his postconviction motion based on his unrefuted allegation that he was not advised of right to testify.[2]

In the case at bar, nothing in the record refutes Movant's allegations that he was denied his right to testify. Therefore, the portion of the judgment as to this point is reversed and remanded to the motion court for an evidentiary hearing for the limited purpose of determining whether

Movant voluntarily and knowingly waived his right to testify at trial.

■■■■ In his second point, Movant alleges the motion court erred in denying, without an evidentiary hearing, Movant's 29.15 motion wherein he alleged his appellate counsel was ineffective for not raising a claim on direct appeal. Specifically, movant urges his appellate attorney should have pursued on appeal a claim that the trial court erred in not granting a mistrial or continuance because the State allegedly failed to timely disclose the presence of another hole in State's exhibit 77, the sweater Movant was wearing when he was shot.[3]

In its Findings of Facts, the motion court stated:

The State's trace evidence expert testified at trial that she only found the hole in the sweater the previous night while in the prosecuting attorney's office. Trial counsel moved for mistrial, or in the alternative, moved for a continuance, claiming surprise, and his inability to properly prepare for this new evidence.

The trial court overruled both motions, finding the trial counsel had known of the existence of the sweater previously, had had the opportunity to examine the sweater earlier, knew of the State's claim of a through-and-through wound to [Movant] previously, and had an opportunity to interview the State's trace evidence expert prior to cross-examination. Trial counsel specifically raised the issue in his Motion for a New

---

2. We note that in both *Fanning* and *Washington* the State conceded or concurred that movant was entitled to an evidentiary hearing, but still find the courts' analysis relevant here.

3. Movant also argues the motion court erred in that it found his claim for ineffective assistance of counsel was not cognizable on a Rule 29.15 motion. We agree with Movant, but note that even if the motion court's basis for denying relief was incorrect, its judgment may be affirmed on appeal if it is sustainable on other grounds. *State v. Turner*, 921 S.W.2d 658, 664 (Mo.App. W.D.1996).

Trial, and the trial court denied the motion.

In *Franklin v. State,* 24 S.W.3d 686, 691 (Mo. banc 2000), the Supreme Court stated:

> In order to prove that he was deprived of the effective assistance of counsel on appeal, [Movant] must first show (1) that the actions of his appellate attorney were outside the wide range of professionally competent assistance, and (2) that his counsel's errors were so severe that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and (3) that counsel's deficient performance resulted in prejudice.

■ To support a claim of ineffective assistance of appellate counsel, "strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized and asserted it." *Id.*

In support of his claim of ineffective assistance of appellate counsel, Movant cites *State v. Whitfield,* 837 S.W.2d 503, 507–08 (Mo. banc 1992), wherein the Supreme Court reversed and remanded a conviction because the testimony of a surprise key witness and surprise evidence were improperly admitted at trial.[4] Movant asserts that "under the authority of *Whitfield,* this issue, regarding the timeliness of the disclosure of the hole in the sweater, would have been successful" had his appellate counsel raised it on direct appeal.

In the present case, defense counsel was not surprised by the sweater, but in fact prior to trial, he had known about the sweater, had an opportunity to examine the sweater and knew of the State's claim of a through-and-through wound on Movant. Further, Movant was not surprised that State's trace evidence expert was testifying, rather was surprised by her statement that she had found a second hole in the sweater. The trial court gave defense counsel an opportunity to interview the State's trace evidence expert prior to his cross-examination of her, thereby remedying any prejudice to Movant. Therefore, Movant's claim of error regarding surprise evidence is distinct from that in *Whitfield* and therefore would not mandate a reversal. Movant's appellate counsel did not fail to assert a claim that would have required a reversal and cannot, therefore, be considered ineffective. As to point two, we conclude that the motion court's findings and conclusions, including the denial of an evidentiary hearing and the denial of relief, were not clearly erroneous.

Point two is denied.

The judgment is reversed and remanded in part and affirmed in part.

MARY RHODES RUSSELL, P.J. and ROBERT G. DOWD, JR., J., concur.

---

4. In *Whitfield,* the witness was not endorsed until the morning of the trial and the State made a last-minute decision to use some potentially harmful evidence. *Whitfield,* 837 S.W.2d at 508.