**William EVANS, Movant/Appellant,**

v.

**STATE of Missouri,**
**Respondent/Respondent.**

**No. ED 80414.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 17, 2002.

Raymund J. Capelovitch, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst Atty. Gen., Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

William Evans, Movant, appeals from the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant contends the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because he was entitled to an evidentiary hearing on his claims that appel-

late counsel was ineffective for failing to file an exhibit allegedly showing a third-party connection to the crime, which resulted in the point not being reviewed on appeal. Movant also argues the motion court erred in denying his motion without an evidentiary hearing because he was entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to investigate and subpoena two witnesses. We affirm in part and remand in part for an evidentiary hearing.

The evidence, viewed in the light most favorable to the verdict, at trial showed that Movant wanted to borrow money from his landlord, the victim. On the evening of the murder, Movant and a friend drove to the victim's home at approximately 8:55 p.m. Movant was in the victim's home approximately twenty minutes before leaving the home carrying two duffle bags and counting money. Movant and the friend made two stops to buy drugs before returning to another friend's house. Movant and the friend spent the night in a hotel. While there, Movant kept looking out the window and stated whatever happened, he was too old to go to jail. Movant then told his friend that he killed the victim. The victim was not discovered dead until the following morning.

A jury convicted Movant of first-degree murder, Section 565.020, RSMo 2000, and armed criminal action, Section 571.015, RSMo 2000. Movant was sentenced to life imprisonment without the possibility of parole and thirty years' imprisonment to be served concurrently. This court affirmed Movant's convictions and sentences on direct appeal. *State v. Evans*, 11 S.W.3d 626 (Mo.App. E.D.1999). Movant filed a pro se motion pursuant to Rule 29.15 seeking post-conviction relief, and his appointed post-conviction counsel filed an amended motion. The motion court denied Movant's motion without an evidentiary hearing. This appeal follows.

■ Appellate review of a motion court's decision in a Rule 29.15 proceeding is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. *Howard v. State*, 59 S.W.3d 586, 588 (Mo.App. E.D.2001). A decision will be considered clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.* Further, an evidentiary hearing is not required unless (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Id.*

To establish an ineffective assistance of counsel claim, the movant must show (1) that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and (2) that the movant was prejudiced by the performance. *State v. Butler*, 951 S.W.2d 600, 608 (Mo. banc 1997). Both prongs of the standard must be met to successfully make an ineffective assistance of counsel claim. *Helmig v. State*, 42 S.W.3d 658, 667 (Mo.App. E.D.2001). To prove prejudice, the movant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Butler*, 951 S.W.2d at 608. Moreover, a strong presumption exists that effective assistance of counsel was provided to the movant. *Id.*

■ In his first point, Movant argues the motion court erred in denying his post-conviction motion because he was entitled to an evidentiary hearing on his claim that appellate counsel was ineffective for failing to file an exhibit, a motel receipt, resulting in the appellate court being unable to re-

view the claim. Movant contends prejudice resulted because had the claim been reviewed, he would have been successful on appeal. We disagree.

The motion court found that the exhibit, a motel receipt, appellate counsel failed to file was properly denied admittance during the trial. The motion court noted that for the receipt to be admissible, it would have to be relevant, and the motion court found the receipt was not relevant. Therefore, appellate counsel was not ineffective for failing to file the receipt.

In his motion, Movant asserted the motel receipt would have provided evidence that the victim's grandson had an opportunity to commit the crime. Movant argued his appellate counsel should have filed the exhibit in order to get the appropriate review of whether the trial court erred in excluding the motel receipt.

■ Evidence that another had an opportunity or motive to commit the crime must tend to prove that the other committed some act directly connecting him with the crime. *State v. Rousan*, 961 S.W.2d 831, 848 (Mo. banc 1998). Without evidence directly connecting the grandson to the crime, the motel receipt was irrelevant. Testimony that the grandson was seen knocking on his grandmother's door around 2:00 a.m. on the morning the victim's body was discovered does not directly connect him to the underlying crime charged. Therefore, Movant was not prejudiced by appellate counsel's failure to file an exhibit, which was properly excluded, at the trial level. Thus, the motion court did not clearly err in denying this claim. Point denied.

■ In his second point, Movant argues the motion court erred in denying his post-conviction motion because he was entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to investigate and call Willie Hamilton as a witness. Movant contends that Willie Hamilton's testimony would have provided him with an alibi and the jury would have acquitted him. We agree, and the State concedes, that Movant is entitled to an evidentiary hearing on this point.

■ Ordinarily, the choice of witnesses is a matter of trial strategy and will not support a claim of ineffective assistance of counsel. *Helmig*, 42 S.W.3d at 667. To make an ineffective assistance of counsel claim for failure to investigate and call a witness, the movant must establish (1) trial counsel knew or should have known of the existence of those witnesses, (2) that the witnesses could have been located through reasonable investigation, (3) that the witnesses would have testified if called, and (4) that their testimony would have provided a viable defense. *Id.*

The motion court found that Movant only provided the witness's address as found in the police report. Movant did not indicate that the witness would have testified or that the testimony would have provided a viable defense. Thus, the motion court denied the second point in Movant's post-conviction motion.

The State concedes that the motion court erred in declining to hold an evidentiary hearing concerning whether trial counsel was ineffective for failing to investigate and subpoena Willie Hamilton. Movant pleaded all the necessary elements to be entitled to an evidentiary hearing in his Rule 29.15 motion for post-conviction relief. Movant pleaded his trial counsel was given information concerning Willie Hamilton, including his address, social security number and date of birth, and how to contact him. Movant further pleaded Willie Hamilton was available and willing to testify, if called. Finally, Movant pleaded Willie Hamilton's testimony would have provided a viable defense. Willie Hamil-

ton would have testified that he arrived home at 9:30 p.m. on the evening in question and spoke to the victim. The significance of his testimony, if believed, being that he would have provided a defense for Movant, notably, that the victim may still have been alive when Movant left the premises a maximum of 25 minutes after arriving at approximately 9:00 p.m. Therefore, this point is remanded to the motion court to be determined after an evidentiary hearing.

In his third point, Movant contends the motion court erred in denying his post-conviction motion because he was entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to investigate and call Edward Harrison as a witness. Movant argues the testimony of Edward Harrison would have provided a motive for the victim's grandson to commit the crime. We disagree.

The motion court found Movant's third claim failed because it was too remote, conjectural, and irrelevant. The motion court stated that evidence to prove another had the opportunity or motive to commit the crime must tend to prove the other committed some act directly connecting him with the crime. Disconnected or remote acts, outside of the crime, cannot be proven separately to create or raise such an inference. Evidence, which has no effect other than to cast suspicion or raise an inference, is not admissible. Therefore, the motion court denied Movant's third point.

Here, the witness's testimony concerned previous actions by the victim's grandson. These actions do not connect the grandson directly to the underlying crime in this case. Without a direct connection to the crime charged, any evidence suggesting a motive is not admissible. *Rousan*, 961 S.W.2d at 848. Trial counsel

is not ineffective for failing to produce a witness, whose testimony would have been inadmissible. *Helmig*, 42 S.W.3d at 672. Therefore, the motion court did not clearly err in denying Movant's third point because it would not have provided a viable defense. Point denied.

For these reasons, the motion court did not clearly err in denying Movant's first and third points and these points are affirmed. However, Movant's second point is remanded to the motion court to be reconsidered after an evidentiary hearing.

MARY K. HOFF, J., and DRAPER, J., concur.