**STATE of Missouri, Respondent,**

v.

**Jerimiah EDWARDS, Appellant.**

**No. ED 84227.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 11, 2005.

Kristina Starke, St. Louis, MO, for appellant.

Deborah Daniels, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Jerimiah Edwards (hereinafter, "Defendant") appeals from the judgment entered after a jury found him guilty of murder in the second degree, Section 565.020 RSMo (2000), and armed criminal action, Section 571.015 RSMo (2000). Following the penalty phase of his trial, the trial court sentenced Defendant to twenty-five years imprisonment. Defendant raises three allegations of error. He claims the trial court erred in: (1) denying his request to testify during the penalty phase of trial; (2) allowing improper questioning of Defendant; and (3) allowing the prosecution to impeach Defendant's testimony at trial with prior inconsistent statements from a police report. We affirm in part, and reverse and remand, in part.

We have reviewed the briefs and record on appeal. An extended discussion of Defendant's second and third points on appeal in this opinion would have no precedential value. Accordingly, these points on appeal are affirmed pursuant to Rule 30.25(b).

Defendant's remaining point on appeal claims the trial court erred in denying his request to testify during the penalty phase of his trial because this ruling violated his fundamental constitutional rights. Defen-

dant argues he was denied due process of law by restricting his ability to testify. Further, he maintains that only he could waive his right to testify and his right may not be denied arbitrarily by the trial court. Since Defendant does not challenge the sufficiency of the evidence nor does the issue raised on appeal relate to the underlying facts of the guilty verdict, our recitation of the facts will be limited to events surrounding the penalty phase of the trial.

Following the announcement of the jury's verdict, the trial court thanked the jury for its service and prepared to dismiss it. However, trial counsel noted that due to a recent change in Section 557.036 RSMo (2004), the jury must determine sentencing in a penalty phase. The trial court then told the jury its job was not finished. Counsel conferred with the trial court at the bench regarding the presentation of evidence in the penalty phase. Defense counsel merely shook his head when asked if he was going to present any evidence.[1] After conferring with the jury, the trial court recessed until the following day.

Immediately after reading the jury instructions the following morning, Defendant's counsel approached the bench to advise the trial court Defendant wished to testify. The trial court denied Defendant's request, stating that it was too late because the trial court "should have been informed before we came out here, and I understand we just arrived here this morning" and that the jury had already been instructed.

The issue of a criminal defendant attempting to assert the right to testify in a non-capital penalty phase has not been clarified under Missouri law. Yet, it is

---

1. Just as witnesses are instructed to verbally respond to questions, so should counsel. We now must assume from the record and subsequent actions therein that defense counsel shook his head in a "no" motion.

clear the right to testify on one's own behalf is a fundamental right which may only be waived by the individual criminal defendant. *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App. E.D.2003) (*citing Kuhlenberg v. State*, 54 S.W.3d 705, 708 (Mo. App. E.D.2001)).

"It is well established that the purpose of having a separate penalty phase in a capital trial is to permit the presentation of a broad range of evidence that is relevant to punishment but irrelevant or inflammatory as to guilt." *State v. Ervin*, 979 S.W.2d 149, 158 (Mo. banc 1998). Either evidence supporting or mitigating a criminal defendant's punishment may be presented during the penalty phase. Section 557.036.3 RSMo (2004). This evidence assists the authority recommending the sentence, usually the jury, in deciding upon an "individualized determination of an appropriate punishment." *State v. Nicklasson*, 967 S.W.2d 596, 618 (Mo. banc 1998).

In this case, Defendant testified in the guilt phase of his trial and requested through his counsel to testify during the penalty phase. It is unclear as to when defense counsel knew Defendant wanted to testify in the penalty phase, but Defendant's request was submitted to the trial court prior to any evidence or statements being made to the jury in that penalty phase.

"[W]e are ... presented with an issue regarding a criminal defendant's right to testify that can ... be avoided in ... criminal case[s] by a simple record...." *Slater v. State*, 147 S.W.3d 97, 99 (Mo.App. W.D.2004). A trial court has no duty to inquire from a criminal defendant who remains silent throughout the proceedings regarding whether he or she will testify. However, the more prudent course of action is for the trial court to *voir dire* the defendant, on the record, and outside the presence of the jury. The trial court may advise the defendant of the right to testify, obtain an acknowledgment that those rights are understood, and any decision regarding whether or not to testify is agreed to by the defendant. *Allen v. State*, 50 S.W.3d 323, 327 (Mo.App. W.D. 2001); 28 MISSOURI CRIMINAL PRACTICE HANDBOOK Section 23.7.1 (2005); *See also State v. Tokar*, 918 S.W.2d 753, 760 (Mo. banc 1996) (inquiry made of defendant regarding waiver of his right to testify during the penalty phase of a capital case).

"The decision to testify solely rests with the defendant...." *Rousan v. State*, 48 S.W.3d 576, 585 (Mo. banc 2001); *Howard v. State*, 59 S.W.3d 586, 588–89 (Mo.App. E.D.2001); *Slater v. State*, 147 S.W.3d at 101. Only the defendant is empowered to waive this fundamental constitutional guarantee. *Howard*, 59 S.W.3d at 589. In this case, there is evidence Defendant wished to assert his right. We believe it is error for a trial court to be informed of a criminal defendant's desire to testify and not allow the criminal defendant to take the stand even at this stage of the proceedings.

Accordingly, we affirm Defendant's allegations of error in the guilt phase of his trial, and we reverse and remand for a new penalty phase.

ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J., concur.