**STATE of Missouri, Plaintiff–Respondent,**

v.

**Marsroub SAHAKIAN, Defendant–Appellant.**

No. 63021.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 25, 1994.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Marsroub Sahakian, appeals from his judgments of conviction, following a jury trial, of one count of first degree murder, and one count of armed criminal action. Defendant was sentenced to life imprisonment without parole for the murder conviction and to a concurrent three year term for the armed criminal action conviction. Defendant also appeals from the denial of his Rule

29.15 motion after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence reveals that defendant fatally shot his mother-in-law, at an airport terminal as his wife and his children were attempting to leave with her on a flight.

As the airport police removed defendant from the crime scene, he stated, "Please help her. I shot her." Defendant's gun was recovered from the sidewalk next to the deceased. While en route to the county police station, defendant mumbled that "he had shot her and that somebody had needed help."

When he arrived at the station, defendant was given *Miranda* warnings. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He indicated verbally and by initialing a waiver form that he understood his rights. When asked to sign the waiver, defendant stated he did not know what he wanted to do and refused to sign it.

When the detective interviewed defendant, he would respond to only some of the detective's questions. When the detective asked defendant why he had been at the airport, defendant replied that he "could possibly have been there to kidnap somebody." The detective also asked defendant if he owned the gun retrieved from the scene. Defendant replied he did and that the detective should know that because it was a matter of record.

Defendant then asked to make a telephone call to obtain the name of an attorney. At the conclusion of defendant's call, the detective asked defendant if he wanted to talk any further. Defendant stated that he thought it would be in his best interest not to say anything else until he obtained an attorney. He then commented that he just wanted to get it over with and to "take him to the gas chamber." The interview terminated at that point.

At trial, defendant stood up during the prosecutor's opening statement, shouting that the state and jury had "no business sticking their nose in our family affairs."

The jury was removed, and the defendant said, "You're not my judge, God is my judge. You cannot be my judge. I have not done anything wrong to be here in the first place." The trial court warned defendant that if he interrupted the proceedings again he would either be removed or be bound and gagged.

The defendant responded that he would have nothing to do with his defense counsel or courts. When the court asked defendant if he would sit quietly or if he needed to be removed, defendant replied that he did not care what the court did, and continued to yell, claiming that there was a conspiracy against him.

The trial court removed defendant from the courtroom and returned him to his jail cell. Defendant did not attend any further trial proceedings.

Defendant first contends that the trial court erred in failing to inform defendant on the record that he could return to the courtroom if he would agree to conduct himself in an orderly manner. Because this allegation of error is not properly preserved, defendant requests plain error review. Rule 30.20.

■■ A defendant in a criminal trial has a basic constitutional right to be present in the courtroom at every stage of the trial. *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). However, if a defendant insists on conducting himself in a disorderly, disruptive, or disrespectful manner even after having been warned by the trial judge that he will be removed if he continues his unruly behavior, he can lose his right to be present at trial. *Illinois v. Allen,* 397 U.S. at 343, 90 S.Ct. at 1060–1061. There are three constitutionally permissible ways for a trial judge to deal with an obstreperous defendant: 1) allow him to remain present, bound and gagged; 2) cite him for contempt; or 3) remove him from the courtroom until he promises to conduct himself properly. *Id.* at 343–344, 90 S.Ct. at 1060–1061. The trial court has discretion to determine what constitutes disruption and what action is necessary under the circumstances of each case. *Id.* at 343, 90 S.Ct. at 1060–1061. *See also State v. Tunstall,* 848 S.W.2d 530 (Mo.App.1993); *State v. Moton,* 733

S.W.2d 449 (Mo.App.1986); *State v. Irvin*, 628 S.W.2d 957 (Mo.App.1982); *State v. Barbee*, 822 S.W.2d 522 (Mo.App.1991). Even though the defendant can lose the right to be present at trial, he can reclaim this right if he is willing to conduct himself in a manner consistent with the decorum and dignity required in judicial proceedings. *Illinois v. Allen*, 397 U.S. at 343, 90 S.Ct. at 1060–1061.

■ Here, the court asked the defendant twice on the record whether he would promise to remain seated and refrain from disrupting the proceedings. The court also warned defendant that if he failed to promise to conduct himself properly, he would either be removed or be bound and gagged. Although defendant was not asked whether he would return and not disrupt the proceedings after removal, he had ample warning prior to his removal. Defendant chose to absent himself from his trial rather than promise the court he would behave properly. Defendant did not express any desire to participate in the three day trial. Under *Allen* and relevant Missouri case law, the trial court did not commit error, plain or otherwise. Defendant's first point is denied.

In his second point, defendant argues that the trial court erred in admitting statements made by defendant to the police because the police continued to interrogate defendant after he made an equivocal and ambiguous assertion of his constitutional privilege against self-incrimination and right to assistance of counsel.

"An accused, ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication with the police." *Edwards v. Arizona*, 451 U.S. 477, 484–485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981).

Defendant argues that his refusal to affirmatively waive his rights when asked to sign the waiver portion of the rights form, coupled with his statement that he did not know what he should do was an equivocal and ambiguous assertion of his right to counsel.

The Missouri Supreme Court considered what constituted a request for assistance of counsel in *State v. Reese*, 795 S.W.2d 69 (Mo. banc 1990). In *Reese*, the defendant asked police officers whether he should hire a lawyer. *Id.* at 71. The officers said they could not advise him about that, but that an attorney would be provided if he desired one. *Id.* The defendant then replied, "Forget it." *Id.* The court held that although the defendant spoke to a lawyer prior to his arrest and discussed the subject of obtaining a lawyer with the police, he was well aware of his rights and expressly waived them. *Id.* at 73. "The mere mention of counsel by the defendant is not sufficient to preclude further police questioning. There must be a request." *Id.* See also *Davis v. United States*, — U.S. ——, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994).

■ In *Reese*, the defendant actually discussed the subject of obtaining a lawyer, whereas in this case, defendant only stated that he would not sign the waiver and that he was not sure what he wanted to do. Defendant's right to counsel was not invoked until he said that he thought it would be in his best interest not to say anything else until he obtained an attorney. Statements made prior to defendant's request for counsel are admissible. *Rhode Island v. Innis*, 446 U.S. 291, 299–300, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980). Moreover, the statements made in the police car as well as defendant's statement about the gas chamber were exchanges initiated by the defendant. The *Miranda* safeguards come into play only when a person in custody is subjected to either express questioning or its functional equivalent. *Id.* at 300, 100 S.Ct. at 1689. Defendant's statements were voluntary admissions, and therefore admissible.

The trial court did not err in admitting these statements by defendant. Defendant's second point is denied.

We have reviewed defendant's third and fourth points raised in his direct appeal. No jurisprudential purpose would be served by a written opinion on those points. Points three and four are therefore denied. Rule 30.25(b).

In his final point, defendant claims the motion court erred in denying defendant's Rule 29.15 motion. Defendant contends his counsel was ineffective because he failed to make an effort to determine if defendant wished to be returned to the courtroom after the trial court ordered his removal.

■ To prevail on a claim of ineffective assistance of counsel, a defendant must prove that his attorney failed to exercise that degree of skill and diligence that a reasonably competent attorney would have exercised under similar circumstances and that the defendant was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Here, defendant never requested to be returned to the courtroom, and had a long history of refusing to speak to his attorneys or to cooperate in any manner with them. Defendant's removal from the courtroom and continued absence therefrom were the result of his own actions, not any ineffectiveness on behalf of his counsel. Defendant failed to establish by a preponderance of evidence that the result would have been different had his attorney acted in a different manner than he did. A review of the record establishes that any prejudice to defendant was a result of his own misbehavior. Defendant's final point is denied.

Defendant's judgments of conviction are affirmed. The judgment of the motion court denying defendant's Rule 29.15 motion is affirmed.

CRANE, P.J., and DOWD, J., concur.