**STATE of Missouri, Respondent,**

v.

**Garvester BRACKEN, Appellant.**

**No. ED 97069.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2012.

Application for Transfer Denied Nov. 20, 2012.

Gilbert Chester Sison, St. Louis, MO, for appellant.

Timothy Blackwell, Assistant Attorney General, Jefferson City, MO, for respondent.

## OPINION

ANGELA T. QUIGLESS, Judge.

Garvester Bracken appeals the judgment entered upon a jury verdict convicting him of one count of forcible rape, one count of attempted deviate sexual assault, and two counts of domestic assault in the second degree. We affirm.

## I. BACKGROUND

Bracken was indicted on sixteen charges: six counts of forcible rape, three counts of attempted deviate sexual assault, one count of deviate sexual assault, three counts of domestic assault in the third degree, two counts of domestic assault in the second degree, and one count of unlawful use of a weapon. The charges stemmed from his wife's allegations that he repeatedly committed acts of sexual assault and rape against her during the last week of March 2008.

The jury convicted Bracken of one count of forcible rape and one count of attempted deviate sexual assault, but could not reach a decision on the remaining fourteen counts and the trial court declared a mistrial. This Court affirmed the convictions in *State v. Bracken*, 333 S.W.3d 48 (Mo. App. E.D.2010).

The retrial was set to begin February 28, 2011. While awaiting a jury panel, the trial court sent its bailiff to bring Bracken to court, but Bracken refused to leave his holding cell. The trial court elicited testimony from the bailiff regarding Bracken's refusal to appear. Bailiff, Deputy Sheriff Buttice, testified Bracken was confined in a holding cell in the basement of the building with other prisoners, and he had twice refused to move from the bench on which he was sitting. Deputy Sheriff Ehrhard, who was present in the holding cell with the bailiff, testified Bracken stated he was not going to trial, and there was not going to be a trial.

Defense counsel reported to the court that he asked Bracken whether he wanted to participate in the trial, but Bracken claimed it was an illegal proceeding and did not want to participate. The trial court noted Bracken was escorted to the courtroom by sheriffs earlier that day and had discussions with both counsel. The court noted Bracken was aware his trial was set to begin. The trial court found, based on Bracken's conduct, he purposefully absented himself from trial and waived his right to be present. The trial court asked the bailiff to inform Bracken the trial would proceed in his absence, and the bailiff agreed to do so. The court explained the preferable choice would be to obtain Bracken's waiver on the record, however, there were other prisoners in the cell with him, which would be "disruptive" and "more difficult." The trial court later stated it would inform the jury Bracken would not be present for trial, and defense counsel would be allowed to *voir dire* on the subject of his absence.

Prior to *voir dire*, defense counsel requested a motion to continue for the purpose of conducting a psychological exam. Counsel based its request on Bracken's actions earlier that day, which he believed were irrational. In addition, counsel reported to the trial court that, according to Bracken's family, Bracken had been dishonorably discharged from the military because of a nervous breakdown. Bracken's counsel also stated Bracken was on a medication called trazodone for a number of years, but stopped taking the medicine once he was incarcerated. Counsel stated he did not previously request a psychological exam because at times he found Bracken "fine," but at other times he seemed "irrational." The trial court denied the motion reasoning Bracken's prior trial was appealed and his competence to proceed was never at issue. The trial court also noted it was the morning of trial and there was nothing on the record to support counsel's assertions.

During the preliminary instructions, the trial court informed the jury panel Bracken had exercised his right not to attend all or part of his trial, and "as jurors you may not consider his decision not to be here as evidence of guilt of the crimes charged."

During *voir dire*, defense counsel asked the panel if there was anyone who could not presume Bracken innocent because he had exercised his right not to be present. The venirepersons who indicated they could not presume Bracken innocent were struck for cause.

On each day of the four-day trial, Deputy Sheriff Buttice asked Bracken whether he wanted to be present for trial, and reported to the court that Bracken indicated he would not be present. On the second day of trial, defense counsel stated Bracken was more "communicative" and intended to stay in the holding cell during the entire trial. Defense counsel reported to the court that he told Bracken exactly what happened the previous day of trial and explained he would want Bracken's input in picking the jury, but Bracken indicated he did not want to participate.

During the penalty phase of the trial, Bracken appeared before the court and testified he made the decision not to attend trial. At the instruction conference, Bracken's counsel offered an instruction, stating: "Under the law, a defendant has a right not to be present for trial. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant was not present for his trial." This instruction was a modification of a pattern instruction set forth in MAI–CR3d. 308.14 regarding a defendant's right not to testify. The trial court refused the instruction.

The jury convicted Bracken of attempted deviate sexual assault, forcible rape, and two counts of domestic assault in the second degree. This appeal follows.

## II. DISCUSSION

Bracken raises four points on appeal. He contends the trial court erred in: 1) commencing the trial in his absence, 2) concluding that he waived his right to be present at trial, 3) denying his motion to continue in order to conduct a psychological exam, and 4) refusing his proposed jury instruction. We disagree.

### A. Bracken's Presence at Trial

In his first point on appeal, Bracken contends the trial court erred in commencing the trial in his absence, violating his statutory and constitutional rights. Bracken asserts the trial court should have delayed the trial and used forcible measures to compel his presence. In his second point on appeal, Bracken asserts the waiver of his right to be present at trial was not valid because he was not personally present at the commencement of the trial. We find Bracken validly waived his right to be present at trial.

Bracken failed to preserve his first and second points on appeal because he raised no objection to the court finding he waived his right to be present at trial and proceeding in his absence. Issues that were not preserved may only be reviewed for plain error. *State v. Washington*, 260 S.W.3d 875, 879 (Mo.App. E.D. 2008). First, we must decide whether the trial court committed obvious and clear error affecting substantial rights. *Id.* Second, we must determine whether the clear error found resulted in manifest injustice or a miscarriage of justice. *Id.*

"The right to be present at critical stages of trial is guaranteed by the United States Constitution, the Missouri Constitution, and Missouri statutory law." *State v. Johns*, 34 S.W.3d 93, 116 (Mo. banc 2000). The confrontation clause of the Sixth Amendment ensures that a defendant has an opportunity for full and effective cross-examination of each witness. *State v. Bowens*, 964 S.W.2d 232, 238 (Mo.App. E.D.1998). Due process requires that a defendant is present when

his absence would thwart a fair and just hearing. *State v. McFerron,* 890 S.W.2d 764, 768 (Mo.App. E.D.1995).

A criminal defendant, however, can voluntarily waive his right to be present at any point during his trial. *Bowens,* 964 S.W.2d at 239. "In the absence of evidence to the contrary, the defendant's purposeful absence from the courtroom creates the presumption of a valid waiver." *Johns,* 34 S.W.3d at 116. The absence of a defendant resulting from an intentional act by him done for the express purpose of preventing his presence at trial can constitute a waiver of his right to be present. *Id. Illinois v. Allen,* 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). A defendant may waive a constitutional right provided that the waiver is voluntarily, knowingly, and intelligently made. *State v. Beam,* 334 S.W.3d 699, 704 (Mo.App. E.D.2011).

In his first point on appeal, Bracken does not allege that his waiver was invalid, but, rather, he contends the trial court failed to fully investigate whether the waiver was valid. He asserts the trial court should have delayed the trial and used forcible measures to compel his presence. The trial court, however, was entitled to rely upon the direct representations of defense counsel that Bracken did not want to participate in the trial. *See Johns,* 34 S.W.3d at 116. Each day of the four-day trial, defense counsel consulted with Bracken in his holding cell and reported to the court Bracken did not intend to appear for trial. The trial court took additional measures to ensure Bracken had waived his right to be present by eliciting testimony from the bailiff who attempted to bring him to court.

The trial court was not required to use forcible measures to compel Bracken to attend his own trial. Similarly, the trial court was not required to enter Bracken's holding cell, where other prisoners were present, to make a record of the waiver. A trial court has discretion to determine what constitutes disruption and what action is necessary under the circumstances of each case. *State v. Sahakian,* 886 S.W.2d 178, 180 (Mo.App. E.D.1994) (internal citations omitted). The trial court expressed that acquiring Bracken's waiver by entering the holding cell would be dangerous, disruptive, and difficult. In order to avoid "making a circus out of the whole proceeding," the trial court decided not to obtain Bracken's waiver by entering his holding cell, although it recognized that obtaining the waiver in this manner would have been preferable. We, therefore, defer to the trial court's better opportunity to appraise the situation. *See Bowens,* 964 S.W.2d at 239.

In his second point on appeal, Bracken contends his waiver was not valid because he was not personally present at the commencement of the trial, however, the record shows Bracken was escorted to the courtroom by bailiffs the morning of his trial. Bracken met and had discussions with both of his attorneys, and was aware the trial was scheduled to begin that day. An accused cannot claim the benefit of constitutional rights while at the same time engaging in disruptive conduct that makes it exceedingly difficult to carry on a trial. *Bowens,* 964 S.W.2d at 239. Bracken created the problem by repeatedly refusing to attend his own trial. The record shows over the course of the trial, the bailiff made at least four attempts to bring him to court, but he refused each time. On the first day of trial, one of the bailiffs testified Bracken stated he was not participating in the trial, and there was not going to be a trial. Defense counsel expressed to the court that Bracken believed the proceedings were illegal. Under these circumstances, Bracken's purposeful absence

from his trial and his counsel's representations to the court regarding his intent not to be present were sufficient for the trial court to find Bracken validly waived his right to be present. Further, Bracken appeared before the court for the penalty phase of the trial and told the court he had, in fact, decided not to attend his trial.

The trial court did not err in finding that Bracken waived his right to be present at trial. Bracken's first and second points on appeal are denied.

## B. Bracken's Request for a Psychological Evaluation

In his third point on appeal, Bracken contends the trial court erred in denying his motion to continue for the purpose of conducting a psychological exam. Bracken asserts there was reasonable cause to believe he lacked mental fitness to proceed because of his refusal to attend his own trial, his family's assertions he was dishonorably discharged from the military, and his discontinued use of previously prescribed medication. We disagree.

The trial court's determination of competency is one of fact, and must stand unless there is no substantial evidence to support it. *State v. Anderson*, 79 S.W.3d 420, 433 (Mo. banc 2002). In assessing the sufficiency of evidence, we do not independently weigh the evidence, but accept as true all evidence and reasonable inferences that tend to support the trial court's finding. *Id.* The trial court is in the best position to assess the credibility of those testifying and weigh evidence accordingly. *State v. Baumruk*, 85 S.W.3d 644, 648 (Mo. banc 2002).

A defendant is competent to stand trial when he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Zink v. State*, 278 S.W.3d 170, 183 (Mo. banc 2009) (internal citations omitted). The trial court should investigate the competency of the defendant whenever a reasonable judge in the same situation as the trial judge would experience doubt about the defendant's competency to stand trial. *State v. Tokar*, 918 S.W.2d 753, 762 (Mo. banc 1996). The trial court has broad discretion in deciding whether to grant a psychological exam, and is not a mere "automaton" that must grant these motions merely because they are filed. *State v. Tilden*, 988 S.W.2d 568, 576–77 (Mo. App. W.D.1999), citing *United States v. McEachern*, 465 F.2d 833, 836 (5th Cir. 1972).

In this case, trial counsel's mere assertion that the accused was incompetent to stand trial did not provide the court with reasonable cause to believe that a psychological examination was required. Defense counsel relied on Bracken's refusal to attend trial, assertions his family made alleging he was prescribed medication for a nervous breakdown that occurred years prior, and personal observations that he acted "irrational" at times and "fine" at other times. As noted by the trial court, there was nothing on the record to support these assertions.

The record shows Bracken had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Bracken consciously chose not to attend his trial and reaffirmed his decision each day of trial when asked by his attorney. The record also shows before the second day of trial began, counsel reported to the court that Bracken was "communicative" and decided he did not want to appear at trial at any point, and he did not intend to testify. Defense counsel reported to the court he explained to Bracken he would want Bracken's input in picking the jury and he had a right to

consult with counsel regarding which jurors should be struck. Bracken indicated he wanted his counsel to make those decisions.

Bracken contends that a reasonable judge would have experienced doubt as to Bracken's competency and suspended the trial to make a determination of whether he was competent to proceed. To support this assertion, Bracken relies on *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). In *Drope*, the petitioner attempted suicide during his trial. *Id.* at 169, 95 S.Ct. 896. A psychiatrist who examined petitioner prior to the trial testified that, in his opinion, there was reasonable cause to believe a person who attempted to commit suicide in the midst of a trial might not be mentally competent to understand the proceedings against him. *Id.* Specifically, the psychiatrist issued a report that concluded that petitioner "certainly needs the aid of a psychiatrist," and that he "is a very neurotic individual who is also depressed and perhaps he is depressed for most of the time." *Id.* The psychiatrist offered the following diagnoses: (1) sociopathic personality disorder, sexual perversion, (2) borderline mental deficiency, and (3) chronic anxiety reaction with depression. *Id.* at 164, 95 S.Ct. 896.

Another psychiatrist similarly testified that, in his opinion, a man who attempted suicide during his trial was in need of a psychiatrist to determine whether the person was competent to assist in his own defense. *Drope*, 420 U.S. at 169, 95 S.Ct. 896. The petitioner's wife testified he would roll down the stairs when he did not get his way or when he was worried. *Id.* at 166, 95 S.Ct. 896.

The United States Supreme Court concluded that, in the totality, information concerning petitioner's suicide attempt during the trial, when considered together with the psychiatric information available prior to trial and the testimony of his wife at trial, created a sufficient doubt of petitioner's competence to stand trial to require further inquiry. *Drope*, 420 U.S. at 180, 95 S.Ct. 896. Here, unlike the circumstances in *Drope*, the record does not support counsel's assertions that Bracken was incompetent to stand trial. Bracken's refusal to attend trial, his family's assertions that he was prescribed medication for a nervous breakdown that occurred years prior, and counsel's personal observations that he acted "irrational" at times and "fine" at other times would not have caused a reasonable judge to experience doubt as to Bracken's competency. In addition, as the trial court reasoned, Bracken had a prior trial that was appealed to this Court, and his competence to withstand trial was never at issue.

The trial court did not err in denying Bracken's request for a psychological evaluation. Point three is denied.

## C. Bracken's Proposed Jury Instruction

 In his fourth point on appeal, Bracken contends the trial court erred in refusing his proposed non-pattern jury instruction regarding his right not to be present at trial. The proposed instruction stated that no presumption of guilt could be raised or no inference of any kind could be drawn from the fact that Bracken was absent from his trial. Bracken asserts that the instruction was necessary to avoid prejudice. Because of the trial court's preliminary instruction to the jury and defense counsel's *voir dire* on the subject, we disagree.

 We will not disturb a trial court's refusal to give a jury instruction unless the trial court abused its discretion. *Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81, 97 (Mo. banc 2010). A trial court will be found to have abused its discretion when a ruling is "clearly against the logic of the circumstances then before

the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* at 98.

The trial court did not abuse its discretion when it refused Bracken's proposed non-pattern jury instruction regarding his presence at trial. In its preliminary instructions, the trial court explained to the panel that Bracken would not be present. The court explained:

> The defendant, Mr. Bracken, as a criminal defendant, has certain rights. One of his rights is to choose not to attend all or part of his trial. He has chosen to exercise that right, and that his why he is not sitting here at this time. He has counsel. And as jurors you may not consider his decision not to be here as evidence of guilt of the crimes charged.

The record shows defense counsel discussed Bracken's absence at length with the venire. Jurors who indicated they could not presume Bracken innocent were struck for cause. Therefore, the trial court's preliminary instructions and defense counsel's discussions with the venire were sufficient to address Bracken's absence without the use of the non-pattern jury instruction.

The trial court did not abuse its discretion when it refused Bracken's proposed jury instruction regarding his presence at trial. Point four is denied.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's decision.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., Concur.