

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112161 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| v. | ) | Cause No. 21WA-CR00733-01 |
| | ) | |
| JAVONTEA JONES, | ) | Honorable Wendy Wexler-Horn |
| | ) | |
| Appellant | ) | Filed: November 26, 2024 |

### Introduction

A jury found Javontea Jones guilty of felony possession of an unlawful item at a prison under §221.111, RSMo Supp. 2019. The circuit court sentenced Jones to fifteen years' imprisonment, to be served consecutively to Jones's pre-existing sentences. Jones claims the circuit court plainly erred in finding that he waived his right to testify. The circuit court's judgment is affirmed.

### Background

Because the sufficiency of the evidence to convict is not at issue, this Court accepts as true all evidence favorable to the State and favorable inferences drawn from that evidence. *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011). The State alleged that Jones knowingly possessed a prison-made weapon at Potosi Correctional Center.

During a pre-trial evidentiary hearing, Jones made multiple disruptive outbursts indicating that he did not want to participate in the trial, such as "I don't even want to continue," "I feel like I reserve my rights, and then … you all just compel me to stand in front of you right now," and "I wish not to contend to this trial. It is an oppressive act against me."

Jones's outbursts continued during *voir dire*. Jones interrupted the circuit court, the State, and even interjected during his own counsel's jury selection. Jones also called the circuit court judge "lady" and by her first name. The circuit court warned him that if he continued to interrupt, he would be removed. Despite this admonition, Jones continued to consistently interject.

After opening statements, the circuit court called a recess. While the jury was exiting, Jones made "loud and, quite frankly, aggressive sounding" outbursts. Due to the nature of the outbursts, the circuit court determined "that although the defendant does, in fact, have a right to be present during his trial, that a defendant who intentionally and purposefully absents himself from the proceedings no longer has that right to be present." The circuit court held the remainder of the trial in Jones's absence. Jones's trial was only one day long. When Jones was removed from the courtroom, Jones's counsel objected arguing Jones had a right to be present at trial and right to testify. The circuit court overruled the objection on Jones's right to be present, but did not specifically rule on the right to testify objection. The circuit court determined Jones's conduct was sufficient to show he forfeited his right to be present, and consequently, his right to testify.

Following the jury trial, Jones was found guilty, and the circuit court sentenced him to fifteen years' imprisonment, to be served consecutively to any other sentences he was serving. Jones appeals.

**Standard of Review**

2

"The general rule with respect to preservation of error is that an objection stating the grounds must be made at trial, the same objection must be set out in the motion for new trial and must be carried forward in the appeal brief to preserve it." *State v. Mendez-Ulloa*, 525 S.W.3d 585, 594 (Mo. App. 2017) (quoting *State v. Jackson*, 948 S.W.2d 138, 141 (Mo. App. 1997)). While Jones objected at trial, he did not include this specific issue in his motion for a new trial. Accordingly, this claim is not preserved. Jones requests plain error review pursuant to Rule 30.20.

"Rule 30.20 is the exclusive means by which an appellant can seek review of any unpreserved claim of error and said claim - no matter if it is statutory, constitutional, structural, or of some other origin - is evaluated by this Court's plain error framework without exception." *State v. Brandolese*, 601 S.W.3d 519, 530 (Mo. banc 2020) (emphasis omitted). Plain error review is a two-step process:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

*State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022) (quoting *Grado v. State*, 559 S.W.3d 888, 899-900 (Mo. banc 2018)

**Analysis**

The first step in the plain error analysis considers whether Jones's claim facially demonstrates substantial grounds for believing manifest injustice or a miscarriage of justice occurred. "A criminal defendant has a constitutional right to testify in his own behalf at trial." *State v. Driskill*, 459 S.W.3d 412, 427 (Mo. banc 2015) (quoting *State v. Davis*, 318 S.W.3d 618,

637 (Mo. banc 2010)). "The decision to testify solely rests with the defendant ...." *Id.* (quoting *State v. Edwards*, 173 S.W.3d 384, 386 (Mo. App. 2005).

Jones claims the circuit court erred in failing to inquire about whether he wished to exercise his right to testify. Jones argues that because he clearly indicated throughout *voir dire* that he wished to assert all of his fundamental and constitutional rights, the circuit court was required to affirmatively ensure that he wished to waive his right to testify. This argument fails because the record demonstrates Jones forfeited his right to testify by his disruptive and defiant behavior.

The right to testify is not absolute. *United States v. Panza*, 612 F.2d 432, 438 (9th Cir. 1979). "[T]rial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." *Illinois v. Allen*, 397 U.S. 337, 343, 90 S. Ct. 1057, 1061, 25 L.Ed.2d 353 (1970). A defendant "cannot claim the benefit of constitutional rights while at the same time engaging in disruptive conduct that makes it exceedingly difficult to carry on a trial." *State v. Bracken*, 382 S.W.3d 206, 211 (Mo. App. 2012).

The circuit court repeatedly warned Jones that if he continued to disrupt the proceedings, he would be removed. In addition to his repeated inflammatory remarks, Jones showed disrespect and contempt for the court by calling the judge "lady" and rudely stating "you're going in a circle, Wendy." Jones blatantly ignored numerous warnings from the circuit court regarding his behavior. When Jones continued to "willfully ignore the rules despite the court's repeated warnings – he put himself at risk of losing his right to testify entirely." *United States v. Evans*, 908 F.3d 346, 355 (8th Cir. 2018). The circuit court showed great patience with Jones. It

4

was not until Jones made inflammatory comments to the jury that the circuit court ultimately removed him, even though it could have justifiably removed him sooner.

Curiously, Jones does not claim that the circuit court erred in excluding him from the courtroom. The conduct that justified his exclusion from the courtroom is the same conduct on which the circuit court based its decision not to allow Jones to testify. To the extent that Jones does not claim error in his exclusion from the courtroom, no error will lie in the failure to question Jones about whether he intended to testify, which was based on the same conduct.

Jones also argues that he explicitly requested to exercise his fundamental rights during trial. Jones's argument, however, fails because he attempted only to assert unspecific general "universal rights." Jones argues that because he asserted "all" of his rights, the circuit court was required to inquire and ensure he knowingly and voluntarily waived his right to testify. This argument fails because specificity is at the heart of all assertions and objections. A "claim of constitutional error must be raised at the first opportunity and with citation to *specific* constitutional objections." *Minor*, 648 S.W.3d at 729 (emphasis added). Jones only made generic assertions of law such as "I reserve my rights," "I'm wishing to assert my rights," "[I assert] my constitutional rights, general law rights, my common law rights," and "rights not to be prosecuted." Jones's blanket assertion of fundamental or constitutional rights does not meet the specificity requirement. Jones fails to establish there was a substantial ground for believing that manifest injustice or miscarriage of justice resulted.

Although the circuit court did not plainly err in failing to question Jones about his desire to testify, this Court notes that the constitutional rights at issue in this appeal are of the utmost importance. A defendant's right to be present for trial and to testify in the defendant's own defense are essential to ensure a fair trial that comports with due process. These rights contribute

5

to continued faith in the criminal justice system. However, in this case, it cannot be overstated how patient the circuit court was with Jones and how it attempted to balance these rights with the orderly conduct of Jones's trial. The circuit court has discretion to determine what constitutes disruption and what action is necessary under the circumstances of each case. *Bracken*, 382 S.W.3d at 211. Jones was given numerous explicit warnings, yet continued to be disruptive and disrespectful. Even with Jones's outbursts, the circuit court continued to allow Jones to remain in the courtroom until Jones's conduct made it impossible to conduct an orderly trial. The circuit court demonstrated a level of patience that exceeded constitutional standards, and for that, it should be commended.

Nonetheless, it bears noting that nothing prohibits a circuit court from bringing a defendant that has been excluded based on disruptive conduct back into the courtroom to question him regarding his desire to testify or regarding any other rights asserted. Such a practice is desirable to ensure continued faith in Missouri's judicial system. If, upon questioning, the defendant continues to disrupt the proceedings and make the continuation of an orderly trial impossible, the circuit court can exclude the defendant again. While this may be the most desirable practice, in this case, the circuit court did not plainly err for all of the reasons set forth above.

## Conclusion

The circuit court's judgment is affirmed.

_____
John P. Torbitzky, P.J.

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.

6